(158 App. Div. 851.)

### In re FARLEY, State Excise Com'r.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

INTOXICATING LIQUORS (§ 108*)—UNLAWFUL SALE—GUESTS OF HOTEL.

In a proceeding for the cancellation of a liquor tax certificate evidence *held* to show that the holder had furnished whisky to persons not guests and not partaking of a meal, but that the registering and the furnishing of sandwiches with the drink were mere subterfuges.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116– 118; Dec. Dig. § 108.*]

Appeal from Broome County Court.

In the matter of the petition of William W. Farley, as State Commissioner of Excise, for an order canceling and revoking liquor tax certificate No. 19,442, issued to Daniel S. Gardner. From an order denying the application, petitioner appeals. Order reversed, and certificate canceled.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

A. M. Sperry, of Albany (Louis M. King, of Schenectady, of counsel), for appellant.

Mangan & Mangan, of Binghamton, for respondent.

JOHN M. KELLOGG, J. A careful consideration of the evidence indicates clearly that the special agents went to the hotel for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purpose of getting a drink of whisky, and as a condition of getting it were required to sign the register and go into a room upstairs and permit sandwiches to be brought to them with the whisky. They had previously given notice that they wanted nothing to eat—only wanted whisky. When the waiter said they must take something to eat, they told him he might bring in anything which was necessary to get the whisky.

They did not eat the sandwiches, were not guests of the hotel, and did not intend to be. The sandwiches and the register were mere devices by which it was sought to evade the law. The finding, therefore, that they were guests of the hotel, and that the liquor was served as a part of a luncheon, is not justified by the evidence. The final order is therefore reversed, and an order granted finding that the defendant did unlawfully sell liquor as alleged in the petition, on Sunday, May 19 and 26, 1912, that such acts were in violation of his liq-. uor tax certificate No. 19,442 and the law under which the same was issued, and that such liquor tax certificate is revoked and canceled, with costs.

Final order reversed, on law and facts, with costs, and an order granted finding that the defendant did unlawfully sell liquor as alleged in the petition on Sunday, May 19 and 26, 1912, that such acts were a violation of his liquor tax certificate No. 19,442, and the law under which the same was issued and that such liquor tax certificate is revoked and canceled. The finding of fact disapproved of is that the defendant did not unlawfully sell liquor at the times stated. All concur.